

**FILED**
**Jul 16, 2021**
**09:10 AM(CT)**
**TENNESSEE**
**WORKERS' COMPENSATION**
**APPEALS BOARD**

## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| Denny Woodard | ) | Docket No. 2018-06-2162 |
| | ) | |
| v. | ) | State File No. 69647-2018 |
| | ) | |
| Freeman Expositions, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Joshua D. Baker, Judge | ) | |

---

### Affirmed in Part, Vacated in Part, and Remanded

---

In this second interlocutory appeal, the employee appeals the trial court's denial of his request for temporary partial disability benefits. After the first expedited hearing, the trial court concluded the employee did not violate a safety rule such that his claim was barred and awarded medical benefits and temporary total disability benefits. Thereafter, the employee was unable to return to work for the employer because he refused to undergo a drug rehabilitation program after testing positive for marijuana. The employer asserted that, but for the positive drug screen, which prevented it from re-hiring the employee, it would have offered the employee work within his restrictions. The trial court found the employer was justified in terminating the employee for drug use and, therefore, the employee was not entitled to temporary partial disability benefits. The employee has appealed, asserting that such a decision is unsupported by the law. In addition, the employer asserts the trial court incorrectly calculated the amount of its credit for overpaid temporary disability benefits. Having carefully reviewed the record, we affirm in part and vacate in part the trial court's expedited hearing order and remand the case.

Judge Pele I. Godkin delivered the opinion of the Appeals Board in which Presiding Judge Timothy W. Conner and Judge David F. Hensley joined.

Denty Cheatham, Nashville, Tennessee, for the employee-appellant, Denny Woodard

Daniel C. Todd, Nashville, Tennessee, for the employer-appellee, Freeman Expositions, LLC

**Factual and Procedural Background**

Denny Woodard ("Employee") was working for Freeman Expositions, LLC ("Employer"), at Music City Center in Nashville as a stagehand when, on September 11, 2018, he suffered injuries as a result of a cart tipping over and falling on him. Employee was a member of the International Alliance of Theatrical Stage Employees, a union that provided stagehands to organizations that put on various kinds of events, such as trade shows and conferences. At the time of the accident, Employee was moving a cart loaded with Masonite, a material used to protect a hosting venue's floors during set-up and tear-down of events.

Employer initially provided workers' compensation benefits, but it later denied Employee's claim on the basis of a drug screen that was positive for the presence of THC, the active ingredient in marijuana, and oxycodone. Employee admitted he had smoked marijuana at a union picnic sometime between two and nine days prior to the accident, but he denied having smoked it the day of the accident or being under the influence of any drugs at the time of the accident. He acknowledged that his drug test was positive for oxycodone but explained he had been given Percocet for his pain at the hospital, which he claimed accounted for the positive drug test. Employer also raised the affirmative defense of willful misconduct, asserting Employee violated a known safety rule by pulling rather than pushing the cart loaded with Masonite.

Following an expedited hearing, the trial court determined Employee would likely prevail at trial with respect to his request for additional medical care and temporary total disability benefits for the period of time Employee was taken off work by his treating physician. Employer appealed, and we affirmed the decision of the trial court.

Employee returned to his authorized physician, who provided treatment and recommended surgery. The physician also assigned work restrictions, which Employer indicated it would have been able to accommodate had Employee not been terminated due to his positive drug screen. Employee acknowledged that he tested positive for marijuana; however, he declined to attend drug rehabilitation, asserting he was unable to afford a drug treatment program and did not need one. As a result, Employer declined to extend any offers of continued employment.[1] Employee filed a motion seeking to compel Employer to pay temporary partial disability benefits, asserting that Employer's rationale for failing to return him to work is irrelevant. Employer, on the other hand, asserted that because it had terminated Employee for cause, it was no longer obligated to pay temporary partial disability benefits.

---

[1] Employer's decision not to allow Employee to return to work due to the failed drug screen did not affect his status with the union. Greg Barbour, the union president, testified that Employee can continue to work at other union jobs, although he will not be sent on any jobs until he is released by his physician.

2

During a second expedited hearing, Employer's representative, Michael Malzone, testified by declaration that Employer's policy is to provide modified duty to workers who are under physical restrictions due to a work injury. Further, the declaration stated that it is also Employer's policy and a part of the collective bargaining agreement between Employer and Employee's union that union members who test positive for illicit drugs may be given a single opportunity for rehabilitation and conditional reinstatement. Greg Barbour, the union president, testified that if an employee fails a drug test, he or she is given a single chance to complete a rehabilitation program and, if the employee does not complete the program or fails a second drug test, he or she will no longer be eligible to work for Employer. At the conclusion of the hearing, the trial court agreed with Employer and denied Employee's request for benefits. Employee has appealed.

**Standard of Review**

The standard we apply in reviewing a trial court's decision presumes that the court's factual findings are correct unless the preponderance of the evidence is otherwise. *See* Tenn. Code Ann. § 50-6-239(c)(7) (2020). When the trial judge has had the opportunity to observe a witness's demeanor and to hear in-court testimony, we give considerable deference to factual findings made by the trial court. *Madden v. Holland Grp. of Tenn., Inc.*, 277 S.W.3d 896, 898 (Tenn. 2009). However, "[n]o similar deference need be afforded the trial court's findings based upon documentary evidence." *Goodman v. Schwarz Paper Co.*, No. W2016-02594-SC-R3-WC, 2018 Tenn. LEXIS 8, at *6 (Tenn. Workers' Comp. Panel Jan. 18, 2018). Similarly, the interpretation and application of statutes and regulations are questions of law that are reviewed *de novo* with no presumption of correctness afforded the trial court's conclusions. *See Mansell v. Bridgestone Firestone N. Am. Tire, LLC*, 417 S.W.3d 393, 399 (Tenn. 2013). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2020).

**Analysis**

Employee raises essentially a single issue on appeal: whether an employee who is able to perform modified duty but has been terminated for cause is entitled to temporary partial disability benefits. We have previously answered this question in the negative. *See Jones v. Crencor Leasing and Sales*, No. 2015-06-0332, 2015 TN Wrk. Comp. App. Bd. LEXIS 48 (Tenn. Workers' Comp. App. Bd. Dec. 11, 2015). However, Employee asserts our decision in *Jones* was not based on precedent and "amounted to unlawful judicial legislation" in favor of employers and is contrary to our statutory mandate to interpret the workers' compensation statutes in a manner that does not favor either the employer or the employee. *See* Tenn. Code Ann. § 50-6-116 (2020). We disagree and decline Employee's invitation to overturn our decision in *Jones*.

3

The workers' compensation statutes provide two types of temporary disability benefits: temporary total disability benefits and temporary partial disability benefits. *See* Tenn. Code Ann. § 50-6-207. To qualify for temporary total disability benefits, an employee must establish: (1) that he or she became disabled from working due to a compensable injury; (2) that there is a causal connection between the injury and the inability to work; and (3) the duration of the period of disability. *See Simpson v. Satterfield*, 564 S.W.2d 953, 955 (Tenn. 1978). Temporary partial disability benefits, a category of vocational disability distinct from temporary total disability, is available when the temporary disability is not total. *See* Tenn. Code Ann. § 50-6-207(1)-(2) (2020). Specifically, "[t]emporary partial disability refers to the time, if any, during which the injured employee is able to resume some gainful employment but has not reached maximum recovery." *Williams v. Saturn Corp.*, No. M2004-01215-WC-R3-CV, 2005 Tenn. LEXIS 1032, at *6 (Tenn. Workers' Comp. Panel Nov. 15, 2005). Thus, in circumstances where the treating physician has released the injured worker to return to work with restrictions prior to the worker reaching maximum recovery, and the employer either (1) cannot return the employee to work within the restrictions or (2) cannot provide restricted work for a sufficient number of hours and/or at a rate of pay equal to or greater than the employee's average weekly wage on the date of injury, the injured worker may be eligible for temporary partial disability. *Heard v. Carrier Corp.*, No. 2017-08-1070, 2018 TN Wrk. Comp. App. Bd. LEXIS 16, at *5 (Tenn. Workers' Comp. App. Bd. Apr. 20, 2018). Neither situation is present here.

Employer argues that Employee is not entitled to temporary partial disability benefits for two reasons: (1) his termination for cause due to a positive drug screen, and (2) his failure to attend a drug rehabilitation program as required by Employer's policy and the terms of the collective bargaining agreement. Employee contends that an employer's reasons for not returning an injured employee to work are irrelevant in determining whether the employee is entitled to temporary disability benefits and that our decision in *Jones* encourages employers to terminate injured workers while claiming to have light duty available as a pretext to avoid paying temporary disability benefits. We disagree with Employee's contentions.

First, Employee asserts that our decision in *Jones* expanded existing case law in Tennessee to include issues of temporary disability benefits when prior case law addressed "for cause" terminations only in the context of permanent disability benefits and the application of the pre-2013 Reform Act statutory cap. In *Jones*, we determined that an employee who had been terminated for cause for falsifying time sheets was not entitled to temporary partial disability benefits. In reaching our decision, we cited *Carter v. First Source Furniture Group*, 92 S.W.3d 367 (Tenn. 2002), for the principle that an employer "should be permitted to enforce workplace rules without being penalized" for doing so. *Id.* at 371. Despite Employee's insistence that we erroneously applied this principle, the Supreme Court's Special Workers' Compensation Appeals Panel cited our conclusion with favor in a post-reform case involving temporary disability benefits, stating:

4

[E]ven though an employee has a work-related injury for which temporary benefits are payable, the employer is entitled to enforce workplace rules. Thus, an employee's termination due to a violation of a workplace rule may relieve an employer of its obligation to pay temporary disability benefits if the termination was related to the workplace violation. To make this determination, the court must consider the employer's need to enforce workplace rules and the reasonableness of the contested rules. An employer will not be penalized for enforcing a policy if the court determines (1) that the actions allegedly precipitating the employee's dismissal qualified as misconduct under established or ordinary workplace rules and/or expectation[s]; and (2) that those actions were, as a factual matter, the true motivation for the dismissal.

*Duty v. East Tenn. Children's Hosp. Ass'n, Inc.*, No. E2017-02027-SC-R3-WC, 2018 Tenn. LEXIS 201, at *10-11 (Tenn. Workers' Comp. Panel Apr. 18, 2018) (*citing Barrett v. Lithko Contracting, Inc.*, Nos. 2015-06-0186, 2015-06-0188, 2015-06-0189, 2016 TN Wrk. Comp. App. Bd. LEXIS 70, at *9-10 (Tenn. Workers' Comp. App. Bd. June 17, 2016)) (internal quotation marks omitted). Thus, contrary to Employee's argument, this principle has been applied by Tennessee's appellate courts in the context of temporary partial disability benefits.

Second, while Employee implies Employer's reason for not returning Employee to work is pretextual, Employee has offered no evidence supporting such a contention. Moreover, Employee's argument does not take into account that a pretextual termination has other avenues of legal redress. *See Carter*, 92 S.W.3d at 372 ("the law of retaliatory discharge protects employees from this behavior").

Accordingly, we find no merit in Employee's insistence that our decision in *Jones* amounted to judicial legislation. Employee was terminated for cause after his positive drug screen and refusal to attend a rehabilitation program in accordance with Employer's stated policy and the terms of the collective bargaining agreement. Employee has presented no evidence to suggest the termination was pretextual or that Employer's representative was untruthful when he stated in his declaration that Employer could have provided modified duty. Consequently, we conclude the preponderance of the evidence supports the trial court's determination that Employee was not entitled to temporary partial disability benefits.

Finally, Employer asserts on appeal that the trial court miscalculated the amount of credit to which it is entitled for previously-paid temporary disability benefits. The trial court noted in a footnote that it had previously awarded fifteen weeks of temporary disability benefits rather than the six weeks Employer owed. As a result, the court modified its initial expedited hearing order, noting that, because Employer had paid $3,288.15 pursuant to the court's order rather than $1,315.26, Employer would be entitled to a credit

of $1,972.89. However, Employer also asserts it had paid $696.75 in temporary disability benefits prior to its denial of the claim, which was not accounted for in the trial court's calculations. Accordingly, we vacate the portion of the trial court's order addressing Employer's credit for overpaid temporary disability benefits and remand the case for the trial court to reconsider and, if necessary, recalculate the credit to which Employer is entitled.

## Conclusion

For the foregoing reasons, we affirm in part and vacate in part the trial court's February 16, 2021 expedited hearing order and remand the case. Costs on appeal have been waived.



| Denny Woodard | ) | Docket No. 2018-06-2162 |
|---|---|---|
| | ) | |
| v. | ) | State File No. 69647-2018 |
| | ) | |
| Freeman Expositions, LLC, et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | Heard June 24, 2021 |
| Compensation Claims | ) | via Microsoft Teams |
| Joshua D. Baker, Judge | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of July, 2021.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Daniel C. Todd | | | | X | dan@dantoddlaw.com |
| Denty Cheatham | | | | X | dcheatham.cpg@gmail.com |
| Joshua D. Baker, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov